**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LANA VENTO, ) | 3:06-CV-0721-ECR (RAM) |
| Petitioner, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is the Respondent's Motion to Dismiss (Doc. #5). Petitioner has opposed the Motion (Doc. #8) and Respondent has replied (Doc. #11). The issue is whether the court lacks personal and subject matter jurisdiction because the Petitioner, Lana Vento ("Vento"), has failed to effect service on the United States in accordance with Fed. R. Civ. P. 4(i) and 26 U.S.C. § 7609(b)(2)(B). The facts in this case are not in dispute. On December 8, 2006, the United States gave Vento notice of a summons it had issued to the First American Title Company. On December 27, Vento filed her petition to quash in this court. On January 4, 2007, Vento served a copy of the petition on the Nevada U.S. Attorney's Office. The record does not reflect that Vento has served the Attorney General of the United States.

The failure to timely effect proper service on the United States is jurisdictional. *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985). As a sovereign, the United States may only be sued where it has consented to suit. *United States v. Sherwood*, 312 U.S. 584, 586

(1941). The requirements of a statute in which the United States consents to suit are a condition precedent to the waiver of sovereign immunity; therefore, such requirements must be exactly complied with and strictly construed. *United States v. Nordic Village Inc.*, 503 U.S. 30, 34 (1992); *Ponsford*, 771 F.2d at 1309. Where the requirements are not strictly complied with, the court lacks subject matter jurisdiction to hear the claim. *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

The United States has waived its immunity for the purposes of allowing a taxpayer to petition to quash a third-party summons. 26 U.S.C. § 7609(b)(2)(B). The statute requires petitions to be filed within 20 days after the taxpayer is given notice of the summons. *Id.* § 7609(b)(2)(A). The statute further requires that within these same 20 days, the taxpayer "mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice . . . ." *Id.* § 7609(b)(2)(B); *see also Nosewicz v. United States*, 1995 W.L. 155510, *2 (D. Ariz) (unpublished opinion) (noting that copies of the petition must be mailed "within 20 days after notice is given to the taxpayer"). The "notice" is the notice of the summons, also known as Form 2039, Part D. Part D directs the taxpayer to serve the United States in the manner dictated by the Federal Rules of Civil Procedure. (Maragani Decl. Ex. B ¶ 9). Service on the United States is governed by Rule 4(i), which requires delivering a copy of the summons and the complaint to (1) the local United States attorney, and (2) the Attorney General of the United States.

Because the Secretary directed service on the United States in the notice of the summons, Vento was required to serve a copy of the petition on the United States by December 28, 2006, 20 days after the IRS issued the notice. *See Investor Commc'ns Int'l, Inc. v. United States*, Case No. C05-1959Z (W.D. Wash. 2005) (unpublished disposition) ("[F]ailure to serve the United States deprives the Court of jurisdiction as the United States has only waived its sovereign immunity for the 20 day period subsequent to the date of issuing the Secretary's notice."); *Strong v. United States*, 57 F. Supp. 2d 908 (N.D. Cal. 1999) (holding court lacked subject matter jurisdiction over three petitions to quash because the petitioners did

not serve the government within the 20-day period required by § 7609(b)(2)(B)).[1]  Vento served the Nevada U.S. Attorney's Office shortly after the 20-day period expired; she has not served the Attorney General.  Vento's failure to precisely follow the requirements of the statute deprives this court of jurisdiction over her claim.

Accordingly, Respondent's Motion to Dismiss (Doc. #5) should be granted.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Respondent's Motion to Dismiss (Doc. #5).

DATED:   April 13, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] This interpretation of the statute is further supported by the fact that IRS summons enforcement proceedings are intended to be summary in nature.  *See United States v. Stuart*, 489 U.S. 353, 369 (1989) (quoting legislative history).